CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 8 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:05CR00016**<br>**(2255 CASE NO. 5:08CV80099)** |
| v. | **2255 MEMORANDUM OPINION** |
| **GREGORY ADAM NEWTON,** | By: Hon. Glen E. Conrad<br>United States District Judge |

Petitioner Gregory Adam Newton, a federal inmate proceeding pro se, has submitted to the court this motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the record, the court concludes that the action must be dismissed as successive, pursuant to § 2255(h).

The indictment charged Newton, among other things, with conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 & 841(a)(1) (Count One), and knowingly possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Eleven). Newton pleaded guilty to these two counts, pursuant to a written plea agreement. The court sentenced him to serve 188 months imprisonment on Count One and a consecutive term of 60 months imprisonment on Count Eleven, the statutory mandatory minimum. Newton did not appeal.

Newton argues in his current § 2255 motion that his conviction under § 924(c) should be set aside because, under Watson v. United States, 128 S. Ct. 579 (2007), he is innocent of that offense. In the Watson decision, the United States Supreme Court held "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." 128 S. Ct. at 586.

1

The government filed a motion to dismiss, arguing that Newton is not entitled to relief under Watson. Although the evidence against him would have been that he received a gun in exchange for drugs, he was charged not with "use" of the firearm, but with possession of a firearm in furtherance of a drug trafficking crime. The United States Court of Appeals for the Fourth Circuit, in United States v. Woods, 471 Fed. App'x 338 (4th Cir. Mar. 26, 2008) (unpublished), held that a defendant who was charged under § 924(c) with possession of a firearm rather than use, "obviously 'possessed' firearms, under any meaning of that term, when he obtained them in the course of his drugs-for-guns business." 271 Fed. App'x at 346.

The court finds that the Watson question is not properly before the court. Court records indicate that Newton previously filed a § 2255 motion, Civil Action No. 7:07CV00013, regarding the same conviction and/or sentence that was adjudicated on the merits. The court dismissed Newton's claims as waived by his valid plea agreement waiver of the right to bring a § 2255 action and also found that his claims of ineffective assistance were without merit. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Thus, petitioner's current § 2255 motion is a second or subsequent one. As petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, the court must dismiss the action without prejudice, pursuant to § 2255(h). The government's motion will be dismissed as moot. An appropriate order will issue this day.

Newton is advised that under certain circumstances, a federal criminal defendant may challenge the validity of his confinement based on his actual innocence of the offense by filing a

2

petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, against his custodian in the district where he is confined. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Because Newton is currently confined in West Virginia, any claim he might raise under § 2241 should be presented to the United States District Court in that state.

Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the United States Court of Appeals for the Fourth Circuit, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244. A form and instructions for filing this motion are available from: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and to counsel of record for respondent.

ENTER: This 5th day of December, 2008.

_____
United States District Judge