CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
MAR 30 2009
JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:05CR00016 |
| v. | MEMORANDUM OPINION |
| GREGORY ADAM NEWTON, | By: Glen E. Conrad |
| | United States District Judge |
| Defendant. | |

Defendant Gregory Adam Newton, a federal inmate proceeding pro se, has filed a pleading that he styles as a "Writ of Error Pursuant to 28 U.S.C. § 1651(a) [i]n [A]id of Court [O]riginal Jurisdiction Pursuant to 18 3231." Newton claims that (1) the Constitution did not establish subject matter jurisdiction of the United States District Courts over the defendant's criminal acts and (2) the District Court could not render a judgment in the defendant's case because the indictment did not "indicate that the actual offense was in violation of the territory of the United States." Upon review of the record, the court finds that the defendant's motion is properly construed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, and must be summarily dismissed as successive.

## Background

The indictment charged Newton, among other things, with conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 & 841(a)(1) (Count One), and knowingly possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Eleven). Newton pleaded guilty to these two counts, pursuant to a written plea agreement. The court sentenced him to serve 188 months imprisonment on Count One and a consecutive term

of 60 months imprisonment on Count Eleven, the statutory mandatory minimum. Newton did not appeal.

Newton filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, Civil Action No. 7:07CV00013, regarding this same conviction. The court dismissed Newton's § 2255 motion as waived by his valid plea agreement. The court also found that Newton's claims of ineffective assistance were without merit. Newton's appeal of this disposition was dismissed by the United States Court of Appeals for the Fourth Circuit. United States v. Newton, 272 Fed. App'x 242 (4th Cir. 2008).

### Discussion

The All Writs Act provides:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651. This Act "is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the all Writs Act, that is controlling." Carlisle v. United States,, 517 U.S. 416, 429 (1996). The remedy under §1651 is not available to address claims for which other remedies exist, such as a motion to vacate sentence under 28 U.S.C.A. § 2255. Id.; United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition [under § 1651] when that challenge is cognizable under § 2255."). The fact that a particular prisoner was unable to obtain relief under § 2255 for whatever reason does not render § 2255 an inadequate or ineffective remedy

so as to open the door to an extraordinary writ under § 1651. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (finding that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision).

Newton's jurisdictional claims could have been raised in his initial § 2255 motion. He does not demonstrate any respect in which § 2255 was an inadequate remedy by which to pursue these claims or indicate any reason that he did not raise them in his § 2255 motion. Accordingly, he fails to establish that he can now pursue them under the All Writ's Act. Therefore, the court concludes that these claims are appropriately construed and addressed as a § 2255 motion.

As stated, court records indicate that Newton previously filed a § 2255 motion, Civil Action No. 7:07CV00013, regarding the same conviction and/or sentence. Thus, petitioner's current § 2255 motion is a second or subsequent one. This court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As petitioner has not submitted any evidence of having obtained certification from the Fourth Circuit to file a second or successive § 2255 motion, the court must dismiss the action without prejudice, pursuant to § 2255(h).[1]

Petitioner is hereby advised of the procedure for obtaining certification from the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Fourth Circuit, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244.

---

[1] Shortly after filing the current motion, Newton filed a second § 2255 motion, which the court dismissed as successive.

- 3 -

A form and instructions for filing this motion are available from: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

### Conclusion

For the stated reasons, the court construes the defendant's "Writ of Error Pursuant to 28 U.S.C. § 1651(a) [i]n [A]id of Court [O]riginal Jurisdiction Pursuant to 18 3231" (Dkt. No. 173) as a § 2255 motion, which must be dismissed as successive. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant and to counsel of record for the government.

ENTER: This 30th day of March, 2009.

/s/ Bull Conrad
United States District Judge