CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

DEC 14 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 5:05CR00016-004 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| GREGORY ADAM NEWTON, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

On September 7, 2005, the defendant, Gregory Adam Newton, pled guilty to one count of conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846; and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He was originally sentenced to a term of imprisonment of 188 months on the drug count plus a mandatory, consecutive term of imprisonment of 60 months on the firearm count. On March 25, 2008, the court granted the defendant's motion for reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines.* The court reduced the defendant's term of imprisonment to 151 months on the drug count plus 60 months on the firearm count.

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to

---

* Amendment 706, which was made effective November 1, 2007, and retroactive effective March 3, 2008, "amended § 2D.1 of the Sentencing Guidelines by reducing the offense levels associated with crack cocaine quantities by two levels." United States v. Hood, 556 F.3d 226, 232 (4th Cir. 2009).

offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

The defendant has now filed a motion requesting a reduction in sentence based on Amendment 750 and the appointment of counsel. Having considered the defendant's motion, the court is constrained to conclude that the motion must be denied.

"Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment when the defendant 'is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" United States v. Hood, 556 F.3d 226, 231 (4th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis in original). Thus, to be the basis of a reduction under § 3582(c)(2), an amendment to the sentencing guidelines "must have 'the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G. § 1B1.10(a)(2)(B)) (emphasis in original).

In the instant case, the defendant was held responsible for 1.4 kilograms of crack cocaine. When the defendant's sentence was reduced following the 2008 amendments to the advisory guidelines, this quantity of crack cocaine gave rise to a base offense level of 34. Under Amendment 750, the base offense level for 1.4 kilograms of crack cocaine continues to be 34. Consequently, the defendant still has a total offense level of 31, and the applicable guideline range remains the same. Accordingly, a sentence reduction is not authorized under § 3582(c)(2), since the amendment does not have the effect of lowering the defendant's applicable guideline range. See U.S.S.G. § 1B1.10(a)(2)(B); see also United States v. Hood, supra. For these

reasons, the defendant's motion for reduction in sentence and for appointment of counsel must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 14th day of December, 2011.

/s/ Glen Conrad
Chief United States District Judge